UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GEULA NACHMENSON,

               Plaintiff,

    v.

ADMINISTRATION FOR CHILDREN'S SERVICES,

              Defendant.
-----------------------------------------------------------------x

[NOT FOR PUBLICATION]

**MEMORANDUM & ORDER**
17-CV-3633 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Geula Nachmenson ("Plaintiff") brings the instant *pro se* action against the New York City Administration for Children's Services ("ACS"). Plaintiff's request to proceed *in forma pauperis* is granted, but the Complaint is hereby dismissed.

## BACKGROUND

The Complaint alleges that, in March 2016, Plaintiff met with the Department of Homeless Services ("DHS") about housing, and, several days later, ACS arrived at her apartment and announced that they were investigating her family. Compl. at 6, ECF No. 1. Plaintiff states that ACS made frequent home visits and went to her children's school, where her children were embarrassed to be singled out. *Id.* Plaintiff states that she appeared in Family Court and the case was dismissed. *Id.* According to Plaintiff, a year later, on March 31, 2017, ACS again appeared at the homeless shelter where her family was then living. *Id.* She alleges that Miss T. Walden and Miss Bennett asked her children questions and asked to examine their bodies. *Id.* She alleges that, later that day, ACS arrived with police officers and asked Plaintiff's husband to leave the shelter. *Id.* She states that, on the following Monday, ACS arrived with an order of protection against Plaintiff's husband, and he was excluded from the shelter until April 13, 2017.

*Id.* She states that "ACS wants to ruin our joy of Passover and made a libel against us that my husband is a risk for our children because they thought my husband will throw out the child over the window. ... Is reminded me that 10 years ago the police did the same thing against my husband with the same claim that is a risk my husband will throw up children over the window." *Id.* Plaintiff alleges that ACS is hiding a video clip from March 30, 2017 that proves her husband takes good care of the children and shows vandalism by the police. *Id.* at 7. The Complaint includes statements from six of Plaintiff's children, in which each child describes the "bad things" that ACS did. *Id.* at 7-8.

In a postscript, Plaintiff states that she will provide the Court with a record of a conference between her husband and DHS, and that "[i]n this record they treated my husband that he should stop with the lawsuit against the city, otherwise they will open ACS case against my family." *Id.* at 9. Plaintiff describes a lawsuit her husband brought against the City of New York related to an incident that occurred on April 23, 2013. *Id.*

The Complaint seeks $770,000,000 in damages and an injunction ordering "them stop to abuse us." *Id.* at 10.

## STANDARD OF REVIEW

As Plaintiff is proceeding *pro se*, her Complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court is obliged to construe the pleadings liberally and to interpret them as raising the strongest arguments that they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). An *in forma pauperis* action shall be dismissed where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)). The Complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

The only defendant Plaintiff names, ACS, is a non-suable entity. ACS is an agency of the City of New York, and the New York City Charter provides that all suits must be brought against the City, not against individual agencies. *See* N.Y.C. Admin. Code & Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, Plaintiffs' claims against ACS are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

Plaintiff could amend her Complaint to name the City of New York or the individual ACS caseworkers whom she alleges visited her home as defendants. Amendment would be futile, however, since Plaintiff has not identified a basis for this Court's subject matter jurisdiction. Plaintiff claims that ACS opened investigations into her family and secured a temporary order of protection against her husband, which prevented him from spending Passover with the family. A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp.

3

2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff's Complaint here does not assert diversity of citizenship or allege any basis for federal question jurisdiction, although her allegations that she was harmed by governmental employees could potentially suggest a civil rights claim under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury."

(citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

In this case, Plaintiff does not allege any unconstitutional policy or custom attributable to the City of New York. Accordingly, substituting the City of New York as a defendant would be futile, as this claim would still be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nor has Plaintiff alleged that any individual ACS employee violated her constitutional rights. The only harm that she alleges consists of one past and one open investigation by ACS, apparently involving allegations against her husband, and the resulting order of protection keeping her husband away from the family during Passover.

Plaintiff has not suggested that investigating a family for possible child endangerment or abuse would violate the constitution. New York's Child Protective Services Act holds ACS responsible for investigating complaints of suspected child abuse, neglect, and maltreatment and provides specific procedures for investigating complaints. *See* N.Y. Comp. Codes, R. and Regs. tit. 18, § 432.2(b)(1). Although parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves. The Second Circuit "has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context." *Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir.1999). In this case, Plaintiff has not suggested that ACS did not follow the proper procedures for investigating

5

complaints. And she has not alleged that the investigation, resulting in a temporary order of protection against her husband and separation of the family during Passover, implicates any of her constitutional rights. Accordingly, any constitutional claim against ACS workers would also be dismissed for failure to state a claim pursuant to 28 U.S. C. §1915(e)(2)(B)(ii).

Finally, Plaintiff does not have standing to bring a constitutional claim on behalf of her husband. *Casino v. Feilding*, 13-CV-5095, 2013 WL 5970694, at *4 (E.D.N.Y. Nov. 8, 2013) (dismissing section 1983 claim brought by wife for violations of husband's civil rights, and noting that "[a] party may not assert a civil rights claim on behalf of another; each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution"). Even if the order of protection against Plaintiff's husband was found to violate his constitutional rights, Plaintiff cannot assert any claim that belongs to him. Any such claim would be dismissed for failure to state a claim pursuant to 28 U.S. C. §1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint against ACS is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and amendment of the Complaint would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

s/WFK, USDJ
WILLIAM F. KUNTZ, II
United States District Judge

Dated: June 20, 2017
Brooklyn, New York